UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALLEN MAXSON,

        Petitioner,

                                                  CASE NO. 07-CV-13013
v.                                              HONORABLE BERNARD A. FRIEDMAN

MDOC WARDEN S. L. BURT,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Mark Maxson, a state prisoner confined at the Parnall Correctional Facility in Jackson, Michigan, is challenging two second-degree criminal sexual conduct convictions and which were imposed following a plea in the Ingham County Circuit Court. Petitioner was sentenced to concurrent terms of six to 15 years imprisonment in 2001 on those convictions. Petitioner states that he has an application for leave to appeal pending in the Michigan Supreme Court concerning his convictions.

**II.    Analysis**

       A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v.*

1

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has an application for leave to appeal pending in the Michigan Supreme Court concerning the subject matter of this petition. Petitioner must complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

## III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

    s/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: July 24, 2007